UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SELLSTATE REALTY SYSTEMS
NETWORK, INC., a Florida Corporation,

    Plaintiff,

v.                               Case No. 2:20-cv-00414-JLB-NPM

ANGELIA BLACK,

    Defendant.
_____/

## ORDER

Defendant Angelia Black moves to dismiss Plaintiff Sellstate Realty Systems Network, Inc.'s ("Sellstate") breach-of-contract claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13.) After carefully considering the parties' arguments, the Court partially grants Ms. Black's motion as to the breaches Sellstate asserts "upon information and belief" without supporting facts. The Court denies the motion as to Sellstate's anticipatory repudiation claims but notes that such claims may be susceptible to summary judgment.

### BACKGROUND

Ms. Black is an experienced real estate agent. (Doc. 3 at ¶ 8.) In November 2018 and January 2019, she executed two franchise agreements with Sellstate, agreeing to operate two Sellstate brokerage businesses in Belmont and Huntersville, North Carolina. (Id. at ¶¶ 9–10.) On April 21, 2020, Ms. Black sent Sellstate a demand letter that Sellstate interpreted as a "repudiation" of both franchise agreements. The demand letter is not attached to Sellstate's operative

complaint, but Ms. Black has helpfully provided it as an exhibit to her motion to dismiss.  (Doc. 13-1); see also Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (allowing trial courts to consider documents beyond the complaint "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss").

In the demand letter, Ms. Black accuses Sellstate of making false and misleading representations to her about the nature of its business, giving rise to claims for violation of FTC franchise regulations, violation of multiple Florida and North Carolina statutes, and common-law fraud.  (Doc. 13-1 at 5.)  The demand letter concludes with the following language:

> Given the violations that exist, Black is entitled to recover her initial investment, plus actual damages sustained due to Sellstate's misrepresentations and breaches, totaling in excess of Four Hundred Thousand ($400,000.00) Dollars, plus attorneys' fees and costs.  Given that a Mediation is impractical at this time due to COVID-19, please contact me within ten (10) days in order to discuss an amicable resolution to the present dispute.  If this matter cannot be resolved amicably and on reasonable terms, Black is prepared to pursue legal action against Sellstate and each of its principals and claims for the claims set forth herein for the maximum amount of damages permitted under law, as well as a recovery of her attorneys' fees and costs.

(Id.)  Paragraph 33(i) of each franchise agreement provides that a "non-curable material breach" will occur if the franchisee "unilaterally repudiate[s] this Agreement or the performance or observance of any of the terms and conditions of this Agreement by word or conduct evidencing [their] intention to no longer comply with or be bound to this Agreement."  (Docs. 3-1, 3-2.)  Sellstate took Ms. Black's demand letter to be a repudiation of the franchise agreements and, on April 27,

2020, filed a complaint for breach of contract against Ms. Black in state court.  (Doc. 1-1.)  Seven days later, Sellstate filed an amended complaint alleging, "[u]pon information and belief," that Ms. Black further breached the franchise agreements by failing to report real estate sales and failing to pay franchisor fees.  (Doc. 1-2, ¶¶19–22.)  Ms. Black removed the case to this Court based on diversity jurisdiction and now moves to dismiss Sellstate's amended complaint.  (Docs. 1, 13.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)).  To survive dismissal for failure to state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007)).

Importantly, however, the Court need not accept as true any conclusory allegations in the complaint based "upon information or belief" unless the complaint contains enough well-pleaded factual allegations to state a claim for relief that is plausible on its face.  See Twombly, 550 U.S. at 551 (declining to accept as true the conclusory allegation that companies had entered conspiracy "upon information and

3

belief" without enough well-pleaded facts); see also Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir. 2013) ("Mann has not alleged enough facts to nudge his claim . . . across the line from conceivable to plausible.").

### DISCUSSION

I. **The amended complaint ostensibly pleads a claim for breach of contract based on anticipatory repudiation, but if the demand letter is Sellstate's only evidence of the repudiation, then its claims may be susceptible to summary judgment.**

"When it exercises jurisdiction based on diversity of citizenship . . . a federal court must apply the choice of law rules of the forum state to determine which substantive law governs the action." U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). "Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000) (citation omitted). Both franchise agreements have choice-of-law clauses selecting Florida law, and neither party challenges them. Under Florida law,

> [a] prospective breach of the contract occurs when there is absolute repudiation by one of the parties prior to the time when his performance is due under the terms of the contract. Such a repudiation may be evidenced by words or voluntary acts, but the refusal must be distinct, unequivocal, and absolute.

Mori v. Matsushita Elec. Corp. of Am., 380 So. 2d 461, 463 (Fla. 3d DCA 1980) (emphasis added); see also Slaughter v. Barnett, 154 So. 134, 139 (Fla. 1934).

The only repudiation of the franchise agreements the amended complaint alleges is Ms. Black's demand letter. (Doc. 3, ¶ 12.) The language of the demand

4

letter is relatively standard—Ms. Black claims that Sellstate made several serious misrepresentations to her and alleges that she is entitled to over $400,000 of damages, including the value of "her initial investment." (Doc. 13-1 at 5.) Nowhere in the demand letter does Ms. Black state that she will repudiate the franchise agreements if she does not receive a response or indicate that she will take some kind of tangible action that would unequivocally amount to a repudiation (such as cease to operate the brokerage businesses or fail to carry out any of her obligations under the franchise agreement). Cf. United States v. W. Radio Servs. Co., No. 3:11-cv-00638-SI, 2013 WL 2631474, at *4 (D. Or. June 11, 2013), aff'd sub nom. Oberdorfer v. Jewkes, 583 F. App'x 770, 773 (9th Cir. 2014). The demand letter also sets forth conditional language, ostensibly to preserve certain contractual rights, as follows: "If this matter cannot be resolved amicably and on reasonable terms, Black is prepared to pursue legal action against Sellstate . . . ." (Doc. 13-1 at 5.)

After reading Ms. Black's demand letter, the Court declines to dismiss Sellstate's anticipatory repudiation because Sellstate need not conclusively prove an anticipatory breach at this stage of the litigation. But the Court reiterates the well-reasoned concerns articulated in Laserpath Techs., LLC v. Vectronix, Inc., No. 6:09-cv-1337-Orl-31DAB, 2009 WL 10706263, at *3 (M.D. Fla. Oct. 30, 2009):

> Demand letters are a crucial part of litigation. Among other things, good demand letters not only help to ensure compliance with FED. R. CIV. P. 11, but in some instances actually head litigation off at the pass, saving both the parties and the courts valuable resources that could otherwise be put to better use. In breach of contract disputes, in particular, demand letters protect a party's . . . right to demand adequate assurances of performance. <u>To be effective, such a demand may reasonably condition future performance on the other party first</u>

<u>curing its alleged breach</u>.  Indeed, the right to suspend any performance for which a contracting party has not already received its agreed return is part and parcel of a party's right to demand adequate assurance of performance.  <u>See, e.g.</u>, FLA. STAT. § 672.609(1).  <u>If courts routinely construed demand letters as repudiations, however, a party's right to adequate assurance could be turned on its head, instead providing an adversary with a ready claim for anticipatory breach</u>.

(Emphasis added.)  Consistent with these concerns, the Court cautions that if the only basis for Sellstate's anticipatory repudiation theory is the demand letter itself, then such claims may be susceptible to summary judgment.  <u>Id.</u> ("[T]he letter . . . appears to provide little, if any, evidentiary support for Count II of the Complaint. Indeed, assuming these acts are the only basis for Plaintiff's claim for anticipatory breach of contract, summary judgment may now be appropriate.").

## II. The Court grants Ms. Black's motion as to the breaches of the franchise agreements based solely "upon information and belief."

Ms. Black also moves to dismiss Sellstate's claims that, "[u]pon information and belief," she further breached the franchise agreements by failing to report real estate sales and failing to pay franchisor fees owed to Sellstate.  (Doc. 1-2, ¶¶19–22.)  On this point, the Court agrees with Ms. Black.  As explained earlier, the Court need not accept as true any conclusory allegations in the amended complaint based "upon information or belief" unless the complaint contains well-pleaded factual allegations establishing the plausibility of Sellstate's beliefs.  <u>See</u> <u>Twombly</u>, 550 U.S. at 551; <u>see also</u> <u>Mann</u>, 713 F.3d at 1315.  This does not mean that allegations based on information and belief are automatically disregarded; only that the Court must separate conclusory allegations from well-pleaded ones and determine if the well-pleaded allegations (accepted as true) give rise to a claim for

6

relief. See Jean-Baptiste v. Bus. Law Grp., P.A., No. 8:16-cv-2027-T-33AEP, 2016 WL 4163574, at *6 (M.D. Fla. Aug. 4, 2016), on reconsideration, 2016 WL 4667858 (M.D. Fla. Sept. 7, 2016).

The amended complaint contains no specific facts to support Sellstate's allegations that Ms. Black failed to report sales or pay franchisor fees—it merely states that Ms. Black did these things upon information and belief. Without any well-pleaded facts to accept as true, the Court has no idea how plausible Sellstate's "belief" might be. Accordingly, the Court partially grants Ms. Black's motion as to Sellstate's non-repudiation theories without prejudice.

## CONCLUSION

For the above reasons, Ms. Black's motion to dismiss is **GRANTED IN PART**. Sellstate's claims that Ms. Black breached the franchise agreements by failing to report real estate sales and failing to pay franchisor fees owed to Sellstate are **DISMISSED WITHOUT PREJUDICE**. **No later than February 16, 2021**, Sellstate may file a second amended complaint. The Court further notes that it has Sellstate's motion for preliminary injunction under its consideration and strongly encourages the parties to engage in settlement negotiations. (Doc. 27.)

**ORDERED** in Fort Myers, Florida, on February 2, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE